REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6588-GW(ASx) | Date | September 9, 2014 |
|---|---|---|---|
| Title | *HSBC Bank, N.A. v. Theresa Villareal, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING ACTION TO STATE COURT**

      Plaintiff HSBC Bank, N.A. ("HSBC"), as trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2005-WF1 Asset-Backed Pass-Through Certificates, recently filed an unlawful detainer action against Defendants Theresa Villareal and David Silva ("Defendants") in state court. *See* Compl., Docket No. 1, Ex. A. The Complaint alleges that Defendants refuse to leave a residential property HSBC acquired through a non-judicial foreclosure sale and seeks restitution of the property. *Id.* ¶¶ 3-6 & Prayer. After Defendants answered the Complaint, HSBC noticed a Motion for Summary Judgment for August 26, 2014. *See* Docket No. 8 at 2:9-14. On the morning of the hearing, HSBC learned that Villareal, acting in pro per, had removed the action to federal court five days earlier. *Id.* at 2:14-15. In the Removal Notice, Villareal claims this Court has federal question jurisdiction because:

> [HSBC's] claim is based upon a notice which expressly references and incorporates the "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C. § 5201. Further, this statute is drawn in controversy in this action because the federal statute provides for a ninety (90) day notice period prior to the filing of any state eviction proceeding; Defendant asserts and alleges that [HSBC] did not allow the ninety day period to lapse before filing her claim.

Removal Notice, Docket No. 1, ¶ 7. In short, Villareal appear to be arguing that this Court has federal question jurisdiction because a notice served on Defendants during the foreclosure process references a federal statute, and because HSBC failed to comply with a federally-mandated delay on foreclosure proceedings.

      Federal courts have an independent duty to ensure that subject matter jurisdiction exists at all stages of a case, whether or not the parties raise the issue. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not

:

Initials of Preparer    JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6588-GW(ASx) | Date | September 9, 2014 |
|---|---|---|---|
| Title | HSBC Bank, N.A. v. Theresa Villareal, et al. | | |

contingent upon the parties' arguments"). Where a case has been removed, a court may – indeed must – remand the action *sua sponte* if it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction"). A defendant removing an action from state to federal court bears the burden of showing subject matter jurisdiction exists, *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986), and in so doing, must overcome a "strong presumption" against removal, *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992).

    The general rules for federal question jurisdiction are as follows. Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. "To determine whether an action arises under federal law, a court applies the well-pleaded complaint rule." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (citations and quotations omitted). The well-pleaded complaint rule makes "the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "In determining whether the case 'arises under' federal law, federal courts [generally] look solely to the necessary allegations of plaintiff's complaint," i.e., "those essential to the cause[s] of action [asserted]." Schwarzer, Tashima, et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (2014) § 2.741, at 2B-57 (citing *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936) ("To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). The "vast majority" of federal question cases are those where federal law "creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("The 'vast majority' of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a 'suit arises under the law that creates the cause of action'") (citing and quoting *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action"); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) ("Federal-question jurisdiction does not attach here, because the plaintiffs' complaints allege state – not federal – causes of action"). Indeed, the Ninth Circuit has repeatedly explained that arising under jurisdiction does not exist where a complaint asserts only state-law causes of action and seeks only state-law remedies; and this is true even in cases where the complaint directly references federal law. *See, e.g., ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108 (9th Cir. 2000); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996); *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979 (9th Cir. 1997). In addition, neither affirmative defenses, *Caterpillar Inc.*, 482 U.S. at 393 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense"), nor possible counterclaims, *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("We have held that removability cannot be created by defendant pleading a counter-claim presenting a federal question") (citations and quotations omitted), based on federal law are sufficient to confer federal question jurisdiction.

    Here, Plaintiff's sole cause of action for unlawful detainer arises out of state law. At best, Villareal

                                                                                                                                                                                                                                :

Initials of Preparer    JG

*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6588-GW(ASx) | Date | September 9, 2014 |
|---|---|---|---|
| Title | *HSBC Bank, N.A. v. Theresa Villareal, et al.* | | |

removed this case based on a federal defense.  That is not sufficient to confer federal question jurisdiction.

This case is REMANDED to state court forthwith.  All remaining dates are VACATED and the Court Clerk is directed to close the case file.

**cc: Pro Se Deft**

:

Initials of Preparer     JG